# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

STEVEN PINDER
ADC #123397                                                                          PLAINTIFF

V.                           CASE NO. 5:14-CV-359 JM/BD

ALVA GREEN McDOWELL, et al.                                                 DEFENDANTS

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.  Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.    Discussion:**

Steven Pinder, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that Defendants acted with deliberate indifference to his serious medical needs and retaliated against him.  (Docket entries #2,

#13)  The Court allowed Mr. Pinder to proceed *in forma pauperis* ("IFP") and ordered service for thirteen of the named Defendants.  (#5, #14)

The Medical Defendants moved to revoke Mr. Pinder's IFP status based on his litigation history.  (#39)  Based on a review of Mr. Pinder's litigation history, the Court determined that he had filed at least three lawsuits that were dismissed as frivolous in the Western District of Arkansas.  *Pinder v. Reynolds, et al.*,1:02-cv-1050 (dismissed as frivolous) (W.D. Ark. Aug. 20, 2002); *Pinder v. Waller*, *et al.*,1:02-cv-1068 (dismissed as frivolous) (W.D. Ark. Aug. 20, 2002); and *Pinder v. Knighton, et al.*,1:02-cv-1069 (dismissed as frivolous)(W.D. Ark. Aug. 20, 2002).  Because each of these dismissals counts as a strike, Mr. Pinder is barred from proceeding IFP under the Prison Litigation Reform Act's "three strikes provision."  In addition, based on the evidence presented by the Defendants in support of their motion, the Court could not conclude that Mr. Pinder faced imminent danger so as to be exempt from the "three strikes provision."  Therefore, the Court granted the motion to revoke Mr. Pinder's IFP status.  (#49)  Mr. Pinder was allowed thirty days to pay the $400 filing fee.

Mr. Pinder appealed the Court's decision revoking his IFP status.  (#50)  That motion was denied.  (#51)  After that order was returned to the Court as undeliverable, Mr. Pinder filed a "motion for ruling."  (#53)  Although the motion was denied, the Court provided Mr. Pinder an additional thirty days to pay the filing fee.  (#54)  To date, however, Mr. Pinder has not paid the filing fee, and the time for doing so has passed.

**III.     Conclusion:**

The Court recommends that Mr. Pinder's claims be DISMISSED based on his failure to comply with the Court's March 9, 2015 order.  The pending motions (#23, #25, #36) should be DENIED, as moot.

DATED this 13th day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE