IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN PINDER,
ADC #123397                                                                                          PLAINTIFF

V.                              CASE NO. 5:14-CV-359-JM-BD

ALVA GREEN MCDOWELL, et al.                                                          DEFENDANTS

### RECOMMENDED DISPOSITION

I.  **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

II.  **Background**

Steven Pinder, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. He claims that Defendants acted with deliberate indifference to his serious medical needs and violated his first amendment rights. (Docket entries #2, #13) The Court initially allowed Mr. Pinder to proceed *in forma pauperis* ("IFP"), but later revoked his IFP status after determining that he had failed to

sufficiently allege that he was in imminent danger of serious physical harm so as to be exempt from the "three strikes" rule. (#49) After Mr. Pinder failed to timely submit the statutory filing fee, the Court dismissed Mr. Pinder's claims, without prejudice. (#64) Mr. Pinder appealed the Court's decision.[1]

On appeal, the Court of Appeals for the Eighth Circuit granted Mr. Pinder leave to proceed IFP, vacated this Court's orders, and remanded the case for further proceedings. Specifically, the Court, "vacate[d] the district court's orders and remand[ed] for the review of the <u>merits</u> of the <u>entire</u> amended complaint." (#81 at p.3) (emphasis added)

The ADC Defendants, the Medical Defendants[2], and Maxor Pharmacy then moved for summary judgment on Mr. Pinder's claims against them, arguing that he had failed to exhaust his administrative remedies. (#114, #117, #120) The Court, however, denied the motions based on the explicit instructions of the Court of Appeals. (#137)

Separate Defendant Maxor Correctional Pharmacy Services ("Maxor") and the ADC Defendants then moved for summary judgment on the merits of Mr. Pinder's claims. (#160, #174) In addition, the Medical Defendants moved to dismiss Mr. Pinder's claims against them based on his failure to complete a Health Insurance Portability and Accountability (HIPAA) medical authorization. (#158)

---

[1] Mr. Pinder also appealed the Court's finding that he was ineligible to proceed *in forma pauperis* due to his litigation history.

[2] The Medical Defendants' motion was a motion for partial summary judgment, rather than a motion for summary judgment. (#117)

The Court granted the Defendants' motions for summary judgment, as well as the motion to dismiss. (#208) Mr. Pinder appealed the Court's decision. (#211)

The Court of Appeals upheld the dismissal of Mr. Pinder's claims against the Medical Defendants, but reversed the dismissal of claims against the remaining Defendants. The Court again remanded the case for a determination as to whether Mr. Pinder had fully exhausted his claims against those Defendants before filing suit. (#223)

## III. Analysis

A. Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date a complaint was filed. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of

the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Exhaustion requirements may vary from prison to prison because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); see also *Woodford*, 548 U.S. at 91. Because Mr. Pinder was an ADC inmate, he was obligated to comply with the specific requirements of the ADC grievance policy in order to fully exhaust administrative remedies. *Id.* According to the ADC grievance policy, an inmate "should write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses." (#114-1 at p.5)

B. ADC Defendants

1. Defendant Griffin

Mr. Pinder claims that Defendant Griffin was deliberately indifferent to his need for migraine medication and the difficulties he encountered with pills that were "crushed and covered in water."

The ADC Defendants attached the sworn testimony of Barbara Williams to their motion for summary judgment regarding exhaustion. (#114-6) Ms. Williams testified that Mr. Pinder filed three grievances related to the claims raised in this lawsuit. In the first grievance, MX-13-1949, Mr. Pinder complained that the medical staff "failed to ensure ... proper and timely doctor visits and exams." (#114-2 at p.1) It is undisputed that Mr. Pinder did not refer to Defendant Griffin by name or title in grievance MX-13-1949.

In the second grievance, MX-13-2211, Mr. Pinder complained that multiple medical providers had discontinued his migraine medication. (#114-3 at p.1) Again, it is undisputed that Mr. Pinder did not refer to Defendant Griffin by name or title in grievance MX-13-2211.

In the third grievance, MX-2421, Mr. Pinder complained that his migraine medication had been discontinued "by order of ADC." (#114-4 at p.1) Again, it is undisputed that Mr. Pinder did not refer to Defendant Griffin by name or title in grievance MX-13-2211.

In his response to the Defendants' motions, Mr. Pinder states that he fully exhausted many other grievances regarding the events giving rise to this lawsuit besides those identified by Ms. Williams in her affidavit. He has not come forward, however, with any fully exhausted grievance identifying Defendant Griffin by name or title. In the absence of any evidence to rebut evidence offered by Defendant Griffin, no reasonable fact-finder could conclude that Mr. Pinder exhausted any grievance against Defendant Griffin before filing this lawsuit. For that reason, claims against Defendant Griffin should be DISMISSED, without prejudice.

2. Defendant Straughn

Mr. Pinder claims that Defendant Straughn refused to allow him to receive the publication *Merck Manual of Medical Information* ("*Merck Manual*"), in violation of his

5

first amendment rights. Mr. Pinder also claims that Defendant Straughn rejected the publication in retaliation for Mr. Pinder's filing this civil action.[3]

According to the ADC grievance policy, which is not in dispute, the rejection of the *Merck Manual* is a "non-grievable" matter. (#114-5 at p.4) Mr. Pinder was required to appeal the rejection of this publication to the Publication Review Committee in order to fully exhaust that claim.

On September 26, 2014, Mr. Pinder filed this lawsuit. On October 2, 2014, he indicated that he wished to appeal the rejection of the publication on the Publication Review Notice. (#13 at p.55) Therefore, the Publication Review Committee had not issued a final decision rejecting the publication before Mr. Pinder filed this lawsuit.

In response, Mr. Pinder argues that he fully exhausted his first amendment claim before filing his amended complaint on November 14, 2014. (#13) That is not the law in this circuit. The failure to exhaust before filing a complaint cannot be cured by exhausting an issue, then filing an amended complaint. As the Court of Appeals has plainly stated, an inmate "must exhaust administrative remedies *before* filing suit in federal court.... If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original); see also, *Dunahue v. Bolden*, E.D. Ark. Case No. 5:16-CV-105-BSM-JTR.

---

[3] In his response to the Defendants' motion, Mr. Pinder argues that he fully exhausted three other grievances in which he identifies Defendant Straughn: grievance MX-12-401; grievance MX- 12-760; and grievance MX-12-613. (#119-4 at pp.11-13, 30-34, 102-104) All of those grievances involve, however, the failure of the medical staff to provide Mr. Pinder medication. Because Mr. Pinder brings only first amendment claims against Defendant Straughn, those grievances do not merit discussion.

In *Dunahue*, Chief Judge Miller adopted Chief Magistrate Judge J. Thomas Ray's reasoning that filing an amended complaint does not cure the plaintiff's failure to exhaust administrative remedies before filing the *original* complaint. *Dunahue, supra,* at Docket entry #90, n. 3. Judge Ray explained that, "[Plaintiff's] argument is contrary to the PLRA and Eighth Circuit precedent which clearly establish that exhaustion of administrative remedies must be completed '*before filing*' or '*commencing*' a federal lawsuit." *Id.* (citing 42 U.S.C. § 1997e(a), and *Johnson*, 340 F.3d at 627)) (emphasis original).

In addition, Mr. Pinder has failed to present any evidence that he attempted to file a grievance complaining of retaliation against Defendant Straughn. In his response to the Defendants' motions for summary judgment regarding exhaustion, he references a grievance that he filed on November 5, 2014, regarding the rejection of the *Merck Manua*l. In that grievance, however, Mr. Pinder does not allege that Defendant Straughn retaliated against him; rather, he explains that Defendant Straughn violated his due process rights in failing to review Mr. Pinder's appeal of the rejection of the publication at issue. (#13 at p.59) That grievance was rejected because Mr. Pinder raised a non-grievable matter. Furthermore, that grievance was filed well after Mr. Pinder filed this lawsuit.

Mr. Pinder failed to fully exhaust his first amendment claim against Defendant Straughn before filing this lawsuit, and the claim should be dismissed, without prejudice.

C.  Maxor Pharmacy

In relying on the evidence presented by both the ADC Defendants and the Medical Defendants in support of their motions for summary judgment regarding exhaustion,

7

Maxor Pharmacy argues that Mr. Pinder's claims against it should be dismissed based on his failure to identify Maxor Pharmacy in any fully exhausted grievance. In response, Mr. Pinder alleges that he fully exhausted grievance MX-14-1866. (#119-4 at p.139)

In grievance MX-12-1866, Mr. Pinder complains that his glaucoma medicine was not refilled and that "the pharmacy" acted with "deliberate indifference to [his] medical needs." (*Id.*) Although Mr. Pinder fully exhausted that grievance, he did not receive the Chief Deputy/Deputy/Assistant Director's decision regarding that grievance until November 12, 2014, nearly two months after filing this lawsuit. (*Id.* at p.137) As a result, dismissal of the claims raised against Maxor Pharmacy is also mandatory.

## IV. Conclusion

The Court recommends that Mr. Pinder's claims against Defendants Griffin, Straughn, and Maxor Pharmacy be DISMISSED, without prejudice, based on his failure to exhaust his administrative remedies.

Dated this 18th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE